UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTHONY BARBEE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-812-PPS-APR |
| MIAMI CORRECTIONAL FACILITY, | |
| Defendant. | |

OPINION AND ORDER

Anthony Barbee, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, I must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Barbee is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Barbee is an inmate at Miami Correctional Facility ("MCF"). He claims that he was held in disciplinary segregation approximately 30 days too long. Specifically, he alleges that he was sentenced to serve 45 days in segregation as a result of a disciplinary

infraction, but he in fact served a little over two months in segregation. He claims that while in segregation, some of his food trays went missing and he also missed "rec and shower . . . some days." (ECF 1 at 2.) He seeks monetary damages "for every extra day I sat in seg." (*Id.* at 4.)

The Fourteenth Amendment Due Process Clause does not create a liberty interest in avoiding transfer within a correctional facility or in remaining in the prison's general population. *See Wilkinson v. Austin*, 545 U.S. 209, 222 (2005); *Sandin v. Conner*, 515 U.S. 472 (1995). Instead, due process protections are triggered only when a transfer to segregation results in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Thus, "an inmate's liberty interest in avoiding segregation is limited." *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). "When an inmate is placed in conditions more restrictive than those in the general prison population . . . his liberty is affected only if the more restrictive conditions are particularly harsh compared to ordinary prison life or if he remains subject to those conditions for a significantly long time." *Earl v. Racine Cnty. Jail*, 718 F.3d 689, 691 (7th Cir. 2013); *see also White v. Scott*, 849 F. App'x 606, 608 (7th Cir. 2021) (long-term restrictions that "substantially worsen the conditions of confinement" trigger due process protections).

We know from *Hardaway* that a six-month period of segregation did not "give rise to a prisoner's liberty interest, at least in the absence of exceptionally harsh conditions." 734 F.3d at 743. Mr. White was in segregation a little more than two months. As a result, his liberty interest is not implicated. And even if he had been there

2

longer, he does not plausibly allege that the transfer substantially worsened the conditions of his confinement. He claims to have missed a few meals, recreation opportunities, and showers, which cannot be considered an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *see also Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1997) (denial of exercise, work opportunities, and ability to leave cell for 70 days "did not greatly exceed what a prison inmate could expect from confinement generally" and thus did not trigger a due process liberty interest); *Howery v. Harrington*, No. 13-CV-00896-MJR, 2014 WL 7403446, at *4 (S.D. Ill. Dec. 29, 2014) (not being allowed to shower for several days did not amount to an "atypical hardship"). He has not alleged a plausible Fourteenth Amendment claim.

He may also be claiming an Eighth Amendment violation by the failure to release him from segregation on time. Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Id.* The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* at 834. On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Id.*; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). This standard is satisfied "when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at

3

serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Farnham*, 394 F.3d at 478 (quotation marks and citation omitted).

The mere fact that the conditions were harsher in the segregation unit does not, by itself, amount to an Eighth Amendment violation. *See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997) ("Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment."); *see also James v. Clarke*, No. 08-C-1004, 2008 WL 5423979, at *2 (E.D. Wis. Dec. 30, 2008) (the "allegation that [the plaintiff] was placed in segregation for forty days, by itself, is insufficient to state a claim under the Eighth Amendment"). The Eighth Amendment did not entitle him to daily showers or daily recreation. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012) ("limiting inmates to weekly showers does not violate the Eighth Amendment"); *Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001) (short-term denial of exercise does not violate the Eighth Amendment). Although the Eighth Amendment entitled him to a nutritionally adequate diet, missing a few meals is not the type of extreme deprivation that would support an Eighth Amendment claim. *See Jaros*, 684 F.3d at 671; *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). I cannot plausibly infer from his allegations that he was denied the minimal civilized measure of life's necessities while in the segregation unit.

Finally, there is a more fundamental problem with Mr. White's complaint. The only defendant he names in the complaint is the prison itself. The prison is a physical structure, not a "person" or policy-making body that can be sued for constitutional

violations under 42 U.S.C. § 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). In other words, he has not named a viable defendant.

Therefore, his complaint does not state a claim upon which relief can be granted. In the interest of justice, I will allow him an opportunity to file an amended complaint if, after reviewing this order, he believes he can state a claim based on these events, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **November 13, 2023**, to file an amended complaint; and

(2) CAUTIONS him that if he does file an amended complaint by the deadline, this case is subject to dismissal without further notice pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED:  October 16, 2023.

    /s/   Philip P. Simon
    PHILIP P. SIMON, JUDGE
    UNITED STATES DISTRICT COURT